UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-176-GWU

MARK TACKETT, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

       Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

      Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

07-176 Mark Tackett

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Mark Tackett, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of chronic neck and back pain. (Tr. 17). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Tackett retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 19-22). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 45 to 47, high school equivalency education, and work experience as an over-the-road truck driver and maintenance man could perform any jobs if he were capable of "medium" level exertion, but could only occasionally climb ladders or scaffolds and needed to avoid concentrated exposure to hazardous machinery and unprotected heights. (Tr. 14). The VE responded that there were jobs that

such a person could perform, and proceeded to give examples at the medium, light, and sedentary levels of exertion and the numbers in which they existed in the regional and national economies. (Id.).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

In his testimony, Mr. Tackett stated that he was unable to work because of back and neck pain, which had come on gradually and caused him to stop working by September, 2004. (Tr. 403-4). His daily activities were few, and he spent most of his time stretched out on bed. Additionally, he was receiving treatment for depression and nervousness once a month, but still testified that he stayed at home with the curtains closed and cried frequently. (Tr. 405). Other problems included a fairly remote history of sinus and nerve damage, a history of several hernia surgeries, and a history of treatment after being arrested for driving under the influence. (Tr. 406-8).

Although the medical evidence contains records of some hernia operations (e.g., Tr. 119, 191) and treatment for kidney stones (Tr. 219, 223), evidence of actual musculoskeletal impairment is fairly limited. A lumbrosacral x-ray in October, 2006 following a motor vehicle accident was negative, while a cervical spine x-ray at the same time showed only osteoarthritic changes. (Tr. 254, 258). No permanent functional restrictions were given.

Following the plaintiff's alleged onset date, Dr. Stephen Nutter conducted a consultative examination on March 3, 2005. (Tr. 270). The plaintiff related a history of numerous motor vehicle accidents and stated that he had back pain radiating down his right leg and neck pain radiating down his right arm. (Id.). He also described pain in both wrists and knees, chest pain, and a history of kidney stones. (Tr. 271). Dr. Nutter noted that Mr. Tackett walked with a slow, painful gait, and was uncomfortable in the supine position; he had crepitus in the shoulders and left knee, and range of motion testing caused complaints of pain in the back and cervical spine. (Tr. 272-3). There was also a reduced spinal range of motion, and the plaintiff could not squat without holding onto a table due to knee and back pain although he was able to walk on his heels and toes and perform tandem gait. (Tr. 273-4). Dr. Nutter opined that Mr. Tackett's ability to perform bending, walking, sitting, lifting, carrying heavy objects, climbing, crawling, and squatting would be at least moderately impaired. (Tr. 274).

A state agency physician who reviewed the evidence, Dr. Lynell Carter Dupont, concluded that the plaintiff would be able to perform "medium" level exertion with occasional climbing of ladders, ropes, and scaffolds and a need to avoid concentrated exposure to hazards. Dr. Dupont's conclusions were adopted

by the ALJ and the plaintiff does not argue that her conclusions were not supported by substantial evidence.[1]

The plaintiff does argue that subsequent office notes from Dr. Keith Brian Hall, who performed right knee surgery in December, 2006, establish the existence of a knee impairment which would be expected to last greater than 12 months. Prior to the surgery, Dr. Hall wrote that he had informed the patient, who had a tibial plateau fracture and a small tear of the lateral meniscus, that the goal of the surgery was to restore a normal joint line, but he could not undo the damage that had been done to the cartilage and he would most likely develop osteoarthritis.  (Tr. 393). However, Dr. Hall did not ever place any specific functional restrictions on Mr. Tackett, and the mere diagnosis of a condition is not sufficient to establish

---

[1] Dr. Dupont did not explain why she placed no limitation on bending/stooping, as mentioned by Dr. Nutter.  Social Security Ruling (SSR) 85-15 provides that "some stooping (bending the body downward and forward by bending the spine at the waist) is required to do almost any kind of work."  It goes on to say that most medium, heavy, and very heavy jobs require an individual to stoop frequently.  SSR 85-15, p. 7.  In the present case, while the VE did identify some medium level jobs which could be affected by a limitation on bending, she also identified light and sedentary assembly and inspection jobs, at least some of which do not require stooping according to the Dictionary of Occupational Titles (DOT).  See, e.g., DOT § 709.684-018, "Assembly Line Inspector," and § 726.684-082, "Printed Circuit Board Inspector, Preassembly." Therefore, the court concludes that a remand for further vocational exploration of the issue of bending alone on the job base would be of little value to the plaintiff.

07-176  Mark Tackett

limitations.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Consequently, the plaintiff's argument must fail.[2]

The decision will be affirmed.

This the 14th day of May, 2008.

Signed By:

*G. Wix Unthank*

United States Senior Judge

---

[2] The court also notes in passing that the plaintiff's treatment notes from Mountain Comprehensive Care indicated relatively low levels of functioning, but since these levels appear to be at least partially related to a history of substance abuse, an impermissible basis for disability under Public Law 104-121, and because the examinations themselves showed few objective findings with no specific mental restrictions ever being given, the need for a remand is not established.  Nor has the plaintiff raised the issue.